■ JOHN COLLINS, Plaintiff, v FASHION MALL PARTNERS, L.P., Respondent and Third-Party Plaintiff-Respondent, et al., Defendant. ANTHONY COLLINS PLUMBING AND HEATING, Third-Party Defendant-Respondent, et al., Third-Party Defendant. FASHION MALL PARTNERS, L.P., Second Third-Party Plaintiff-Respondent, v AURORA CONTRACTORS, INC., Second Third-Party Defendant. FASHION MALL PARTNERS, L.P., Third Third-Party Plaintiff-Respondent, v EXPRESS, INC., et al., Third Third-Party Defendants-Respondents, and CNA INSURANCE COMPANY, Third Third-Party Defendant-Appellant, et al., Third Third-Party Defendants. [749 NYS2d 143] —Order, Supreme Court, Bronx County (Louis Benza, J.), entered June 13, 2001, which, in an action by a laborer against the owner of a mall for personal injuries allegedly sustained while doing work at a store that rents space in the mall, insofar as appealed from, granted motions by the mall and the store for summary judgment declaring that plaintiff's employer is contractually obligated to defend and indemnify them, unanimously modified, on the law, to direct that such defense and indemnification be provided by plaintiff's employer's insurer, appellant herein, and otherwise affirmed, without costs.

Plaintiff's unequivocal testimony establishes that he was

performing work on a job connected to the space leased by respondent store. The only countervailing testimony was that of plaintiff's employer, who claimed that plaintiff must have been working at another store in the mall because, after searching its records for the month in which the accident occurred, it could only find a contract for the other store. Absent further details as to the thoroughness of the employer's records and search, this does not suffice to raise an issue of fact as to whether plaintiff was performing work at respondent store when injured. Since that work was pursuant to a contract covered by a general liability policy issued by appellant insurer and naming the store and the mall as additional insureds, the insurer, not its insured, should have been directed to defend and indemnify the additional insureds, and we modify accordingly. No issues of fact exist as to the mall's negligence such as might defeat its claim for contractual indemnification. Concur—Andrias, J.P., Saxe, Buckley, Rosenberger and Marlow, JJ.